IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIONELL MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 5295 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| TRANS UNION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 3) and denies Plaintiff's motion for attorney representation (Dkt. 4) at this time.

## STATEMENT

Plaintiff Lionell Martin filed a *pro se* action against Defendant Trans Union LLC alleging Defendant violated the Fair Credit Reporting Act. (Dkt. No. 1.) Plaintiff also filed an application for leave to proceed *in forma pauperis* (Dkt. No. 4) and a request for attorney representation (Dkt. No. 5).

**I.     Plaintiff's Application for Leave to Proceed *In Forma Pauperis***

Title 28 U.S.C. § 1915(a) permits the Court to authorize Plaintiff to proceed *in forma pauperis* if he is unable to pay the mandated filing fee. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Plaintiff is eligible to proceed *in forma pauperis* if paying the filing fee would prevent him from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Plaintiff represents in his affidavit that he is not married and is not employed. (Dkt. 4). Plaintiff has not been employed for more than two years, since October 2016 at which time he worked for the City of Chicago earning an annual salary of $68,000. (Dkt. 4). Plaintiff owns his current home worth $47,000 but represents that neither he nor anyone living at his residence has $200 in cash or in a checking or savings accounts or owns any other real estate or personal property worth more than $1,000. (*Id.*). The only income Plaintiff has received in the past twelve months is $2,240 in SNAPP benefits. (*Id.*). Plaintiff represents that he contributes $475 per month to a dependent, Chase Martin. (*Id.*). The Court finds Plaintiff has sufficiently demonstrated that he is indigent and unable to pay the fee and, therefore, grants Plaintiff's application for *in forma pauperis status*.

Title 28 U.S.C. § 1915(e)(2) also requires the Court to screen Plaintiff's complaint, and to dismiss the complaint if the Court determines the action is "frivolous or malicious; fails to state a

claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Rule 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). However, the Court must "construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751.

The False Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, imposes various duties on consumer reporting agencies, including to conduct a reasonable investigation into any dispute raised by a consumer as to the completeness or accuracy of information in the consumer's file. *Id.* at § 1681i(a). Specifically, the statute requires that the credit reporting agency "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file" within 30 days of receiving notification of the dispute from the consumer. *Id.* at § 1681i(a)(1); *see also Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 607 (7th Cir. 2005) ("Once a consumer report exists, the FCRA triggers various duties on the part of a reporting agency, including the obligation to reinvestigate when a consumer contends that her consumer report is inaccurate or incomplete.") (internal quotations omitted). The credit reporting agency must then provide the consumer with written notice of the results of the reinvestigation no later than 5 business days after its completion, including a revised consumer report and, if requested, a description of the procedure used to determine the accuracy or completeness of the information. *Id.* at § 1681i(a)(6). Plaintiff may collect actual damages, costs and fees for a negligent violation of any duty imposed by the FCRA, *see id.* at § 1681o, and may collect punitive damages for a willful violation of such duties. *See id.* at § 1681n; *see also Ruffin-Thompkins*, 422 F.3d at 607. Finally, to succeed on a claim that Defendant violated § 1681i(a) of the FCRA, Plaintiff must show that he "suffered damages as a result of the inaccurate information." *Ruffin-Thompkins*, 422 F.3d at 608 (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir.2004); *see also Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir.2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'") (internal citation omitted).

Here, Plaintiff adequately alleged a claim under the FCRA. Plaintiff alleges that Defendant Trans Union reported false information that was derogatory and damaging to his credit worthiness and that he made at least two requests related to this false reporting. (Dkt. 4). Plaintiff claims that he submitted the first request on May 15, 2018, requesting that Trans Union investigate his concern and provide him with documentation outlining the accuracy of the reports that he owed certain creditors. (*Id.*). He claims further that after Trans Union failed to honor his request, he submitted a demand letter on June 22, 2018, demanding again that they provide him the requested information. (*Id.*). Plaintiff alleges that Trans Union failed to provide the requested information to him within 30 days as required by law. (*Id.*). He seeks $7,500 in damages and an order requiring Trans Union to remove the false items from his credit report. (*Id.*). Plaintiff identifies six accounts that he claims were the subject of the alleged false reporting. (*Id.*). Therefore, Plaintiff has

adequately alleged that he twice notified Trans Union of a dispute as to information in his credit report and that Trans Union failed to conduct an investigation, to remove the false information from his credit report, or to provide any written notice of the results of an investigation within the time required by the statute. Plaintiff also adequately alleged that he suffered actual damages in claiming that the false information was "damaging to [his] credit worthiness." (*Id.*)

## II. Plaintiff's Request for Attorney Representation

Under 28 U.S.C. § 1915(e)(1), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis. In considering Plaintiff's request for attorney representation, the Court must ask two questions: "(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)); *see also Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) ("Importantly, the district court must consider both halves of this equation—the difficulty of the case and the competence of the litigant."). In his application for attorney representation, Plaintiff indicates that he has attempted to obtain counsel from Veteran Legal Assistance but fails to provide the reason this attempt was unsuccessful, as required on the form. (Dkt. 5). Plaintiff also failed to complete question 5 which asks for his highest level of education. (*Id.*). Regardless, at this stage, the Court finds that Plaintiff's case as filed is straightforward, does not present complex issues of law and should not present complex issues during discovery. In fact, Plaintiff demonstrates in his Complaint that he understands the law applicable to his claim and even identifies some of the discovery he seeks. (*See* Dkt. 4). Therefore, the Court denies Plaintiff's application for attorney representation (Dkt. 4) at this time.

## III. Plaintiff's Possibly Related Actions

Finally, the Court notes that Defendant filed two other civil lawsuits in this district on the same day that he filed this case. *See Martin v. Equifax*, No. 18 C 5287 (Ellis, J.); *Martin v. Experian*, No. 18 C 5298 (Leinenweber, J.). The complaints filed in the cases before Judge Ellis and Judge Leinenweber are virtually identical to the complaint filed here, except that they are against different named defendants and list = one or two additional disputed accounts. *See id.* If the three actions are based on the same disputed debts, the parties should consider whether they should be consolidated in a single proceeding under one case number going forward.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: August 29, 2018